IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID C. LETTIERI, #151901A | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:24-cv-01065-K (BT) |
| SECURUS TECHNOLOGIES | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff David C. Lettieri, incarcerated at the Niagara County jail in Niagara, New York, filed a *pro se* complaint under Title II of the Americans with Disabilities Act of 1990 (ADA) and § 504 of the Rehabilitation Act of 1973 (Rehabilitation Act) against Securus Technologies, alleging that Securus "refused to give services for the speech impaired plaintiff." ECF No. 3 at 4. Lettieri, who alleges that he has a "paralyzed vocal cord," seeks $75,000 in damages and "a device for speech impaired [sic]." ECF No. 3 at 4. The Court should dismiss Lettieri's complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**Legal Standards**

Lettieri proceeds *in forma pauperis* (IFP). ECF No. 5. Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of §

1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Twombly*, 550 U.S. at 570, and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

Lettieri's allegations, in their entirety, are that he has a paralyzed vocal cord and Securus—an apparent technology company whose relationship to Lettieri is unclear—refused to give him unspecified "services" for that impairment. ECF No. 3 at 4. These vague and conclusory allegations fail to state a plausible ADA or Rehabilitation Act claim.[1]

---

[1] Lettieri also mentions 42 U.S.C. § 255, a provision of the Public Health Service Act. The Public Health Service Act is a voluminous set of provisions that establish various executive agencies and grant programs supporting health care and research. ECF No. 3 at 4; 42 U.S.C. § 201 *et seq*. Section 255 in particular deals with federal grants for home health services. The Court, however, has located no authority suggesting that Section 255 establishes a private right of action, so

2

1. <u>Lettieri fails to state a claim under Title II or III of the ADA</u>.

Lettieri says that his claim is under Title II of the ADA. Title II of the ADA "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.'" *Tennessee v. Lane*, 541 U.S. 509, 513 (2004) (quoting 42 U.S.C. § 12132). A disability is "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). A public entity includes "[a]ny State or local government" and "[a]ny department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(b). A prima facie case of discrimination under Title II of the ADA requires Lettieri to show: (1) that he is a qualified individual under the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is because of his disability. *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997).

Lettieri has failed to state a claim for relief under Title II because he does not allege that Securus is a public entity, and there is no reason to infer that it is

---

Lettieri's Section 255 claim is meritless. *See, e.g.*, *Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 477 (11th Cir. 2021) ("Here, the district court correctly dismissed Laster's claims under Title 18, the Public Health Service Act, and HIPAA because these statutes do not create private rights of action.").

3

from his allegations. *See, e.g.*, *Molina v. Volunteers of Am.*, 2019 WL 4169051, at *2 (N.D. Tex. Aug. 19, 2019) ("Here, Molina has failed to state a claim for relief because none of the named defendants is a proper defendant under Title II. Molina does not allege the VOA is a public entity, and Title II does not provide for individual liability."), *rec. accepted* 2019 WL 4166914 (N.D. Tex. Sept. 3, 2019); *see also Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010) ("[O]nly public entities are liable for violations of Title II of the ADA.") (citing 42 U.S.C. § 12131; *Pa. Dept. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998)).

Because he is proceeding *pro se*, the Court has also considered whether Lettieri states a claim under Title III of the ADA, which applies to private entities. Section 12182 pronounces the general rule that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Lettieri's allegations are too conclusory to support relief under Title III. He does not specify what services Securus allegedly failed to provide to him and under what circumstances. He simply alleges that unspecified services were not provided, which is insufficient. *See, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (noting that, in the Rule 12(b)(6) context, "the court does not 'presume true a number of categories of statements, including'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory

4

statements; and naked assertions devoid of further factual enhancement'") (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)). Nor does Lettieri allege that Securus "owns, leases (or leases to), or operates a place of public accommodation."

Further still, Lettieri fails to show that he is entitled to the relief that Title III provides. A successful plaintiff may only obtain injunctive relief under Title III. *See, e.g., Betancourt v. Federated Dept. Stores,* 732 F. Supp. 2d 693, 700 (W.D. Tex. 2010) (citations omitted). Thus, Lettieri could not receive the compensatory damages that he seeks. And, to the extent that Lettieri's vague request for "a device for speech impaired [sic]" could be liberally construed as a request for injunctive relief, he must show that he has Article III standing to seek such relief, which requires "a threat of present or future harm to the plaintiff." *Deutsch v. Travis Cnty. Shoe Hosp., Inc.*, 721 F. App'x 336, 340 (5th Cir. 2018) (internal citation and quotation marks omitted). Establishing the threat of present or future harm requires a real and immediate—as opposed to merely conjectural or hypothetical— threat of future injury. *Deutsch v. Travis Cnty. Shoe Hosp., Inc.*, 721 F. App'x 336, 340 (5th Cir. 2018). Lettieri's vague allegations do not establish the threat of present or future harm. Thus, to the extent that he seeks injunctive relief under Title III, he has not established his standing to get it.

2. <u>Lettieri also fails to state a claim under the Rehabilitation Act.</u>

Lettieri also sues Securus under § 504 of the Rehabilitation Act. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a

5

disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). Lettieri does not allege that Securus received federal funding, which is fatal to his Rehabilitation Act claim. *See*, *e.g.*, *Nottingham v. Richardson*, 499 F. App'x 368, 376 (5th Cir. 2012) (dismissing Rehabilitation Act claim because there was no evidence that the jail received federal funds). And even if he did make that allegation, because the Rehabilitation Act and the ADA apply the same legal standards, his Rehabilitation Act claim fails for the same reasons as his ADA claims. *See*, *e.g.*, *Maples v. Univ. of Texas Med. Branch at Galveston*, 901 F. Supp. 2d 874, 878 (S.D. Tex. 2012) ("The Rehabilitation Act and the ADA both prohibit discrimination against qualified individuals with disabilities; they employ many of the same legal standards and offer the same remedies.") (citing *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (citing, in turn, *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002)).

In short, Lettieri fails to state a plausible claim under the Rehabilitation Act or the ADA.

## Leave to Amend

The ability to file objections to this recommendation (further explained below) allows Lettieri an opportunity to cure the deficiencies identified above and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16

6

F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted)).

But if Lettieri fails to show through timely objections that leave to amend should be granted, the Court should dismiss his claims with prejudice.

## Recommendation

Unless Plaintiff David C. Lettieri satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss his complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

June 3, 2024.

                                    REBECCA RUTHERFORD
                                    UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).